## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **WILLIAM W. BISHOP, III,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 19-cv-01093-SMY** |
| | ) | |
| **JOHN DOE 1,** *Internal Affairs R/O,* | ) | |
| **JOHN DOE 2,** *Internal Affairs Lieutenant,* | ) | |
| **JOHN DOE 3,** *Transfer Officer,* and | ) | |
| **JOHN DOE 4,** *Warden,* | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff William Bishop, III, an inmate of the Illinois Department of Corrections currently incarcerated at Lawrence Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights occurring at Big Muddy River Correctional Center. Plaintiff claims he was unlawfully punished by being placed in segregation for six months. He seeks monetary damages.

Plaintiff's Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

**The Complaint**

Plaintiff makes the following allegations in the Complaint (Doc. 1):  After being transferred to Big Muddy Correctional Center ("Big Muddy"), Plaintiff was placed in 2 House, Unit A and fell in love with Correctional Officer Whittinghill. (Doc. 1, p. 7).  Plaintiff placed a request into Internal Affairs informing them of his feelings for Whittinghill and asking to be placed on a different unit so that he would not be forced to see her on a regular basis.  After submitting the request, Plaintiff was taken to segregation and questioned for writing a love letter to Whittinghill. Plaintiff was punished with six months segregation, demotion to C-grade status, and loss of good time credit.  Plaintiff denies writing a love letter or dangerous and sexual things to Whittinghill. (*Id.*).

**Discussion**

Based on the allegations in the Complaint, the Court finds it convenient to organize this *pro se* action into the following Counts:

> **Count 1:**   Fourteenth Amendment due process claim against Defendants for placing Plaintiff in segregation after he requested to be transferred to another unit.
>
> **Count 2:**   Fourteenth Amendment claim for discrimination.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.[1]

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**Count 1**

Plaintiff fails to state a viable due process claim.  Plaintiff does not allege that Defendants John Doe 1 and John Doe 2 were personally involved in instituting his punishment or denying him procedural due process.  Additionally, to state a claim against a defendant, Plaintiff must describe what each named defendant did or failed to do that violated his constitutional rights.  *See Twombly,* 550 U.S. at 555; FED. R. CIV. P. 8(a)(2).  As there are no allegations against Transfer Officer John Doe 3 or Warden John Doe 4 in the statement of claim, Plaintiff fails to assert a claim against them.

Plaintiff also fails to plead facts showing that a protected liberty interest was at stake that necessitated the protections demanded by due process. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990).  There is no protected liberty interest in demotion to C-grade status, and simply pleading the imposition of disciplinary segregation, "without additional facts about the conditions of confinement, [do] not implicate a liberty interest."  *Miller v. Maue*, 759 F. App'x 515, 516 (7th Cir. 2019) (citations omitted); *Marion v. Columbia Corr. Inst.,* 559 F.3d 693, 698 (7th Cir. 2009) (citations omitted)*; Thomas v. Ramos,* 130 F. 3d 654, 762 n. 8 (7th Cir. 1997).  While loss of good time credits implicates a liberty interest, claims that imply that an inmate's good time credits should be restored cannot be pursued in a § 1983 action until the good time is restored through other means. *Heck v. Humphrey,* 512 U.S. 477, 480-81 (1994); *McAtee v. Cowan,* 250 F.3d 506, 508 (7th Cir. 2001).  For these reasons Count 1 will be dismissed.

**Count 2**

To state a claim for unconstitutional discrimination, a plaintiff must show "that he is a member of a protected class, that he is otherwise similarly situated to members of the unprotected class, and that he was treated differently from members of the unprotected class."  *Brown v. Budz,*

398 F.3d 904, 916 (7th Cir. 2005).  Here, Plaintiff's allegation that he was discriminated against because of the charges brought against him is insufficient to support an equal protection claim. Plaintiff does not direct this claim against a named defendant.  Moreover, "[a]n inmate's subjective belief that he was unfairly treated, without more, does not state a viable equal protection claim." *Shelton v. Melvin*, No. 17 CV 50045, 2017 WL 951241, at *5 (N.D. Ill. Mar. 10, 2017) (citing *Huebschen v. Dep't of Health and Soc. Serv.*, 716 F.2d 1167, 1171 (7th Cir. 1983)).  Therefore, Count 2 will also dismissed.

## Disposition

For the foregoing reasons, the Complaint is **DISMISSED without prejudice** pursuant to §1915A.  Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **July 2, 2020**.  Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims.  FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).  The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District.  He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 19-cv-01093-SMY).  To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  The First Amended Complaint must stand on its own without reference to any

previous pleading.  Plaintiff must re-file any exhibits he wishes the Court to consider.  The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint.  28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  June 3, 2020**

*s/ Staci M. Yandle*_____
**STACI M. YANDLE**
**United States District Judge**